

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AWILDA ROSARIO,

                             Petitioner                                **ORDER**

          -against-                                              **14-CR-643 (NGG)**
                                                              **19-CV-1097 (NGG)**

UNITED STATES OF AMERICA,

                             Respondent.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On June 15, 2016, this court sentenced Petitioner Awilda Rosario to thirty-six months of imprisonment, to be followed by one year of supervised release. (June 5, 2016 Min. Entry (Dkt. 29); Judgment (Dkt. 30).) Currently before the court is Ms. Rosario's pro se petition to vacate her sentence pursuant to 28 U.S.C. § 2255. (See Pet. to Vacate ("Pet.") (Dkt. 39).) In support of her petition, Ms. Rosario argues that she received constitutionally ineffective assistance of counsel from her former attorney, Mr. Albert Y. Dayan. (Id.) For the following reasons, Ms. Rosario's petition is DENIED.

      On December 15, 2014, a grand jury sitting in Brooklyn, New York, returned an indictment against Ms. Rosario, charging her with 30 counts of aiding and assisting in the preparation and presentation of false and fraudulent U.S. individual income tax returns, in violation of 26 U.S.C. § 7206(2). (See Indictment (Dkt. 1).) Ms. Rosario retained Mr. Dayan, who entered his appearance on January 9, 2015. (See Not. of Attorney Appearance (Dkt. 10).) On September 21, 2015, she pleaded guilty to Counts 1 and 2 of the indictment pursuant to a plea agreement with the United States. (See Sept. 21, 2015 Min. Entry (Dkt. 23); Plea Agreement (Dkt. 42-1).) In the plea agreement, Ms. Rosario agreed not to "file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or

1

sentence" if the Court imposed a sentence of 41 months or below. (Plea Agreement ¶ 4.) On June 15, 2016, the court sentenced Ms. Rosario to 36 months imprisonment, one year of supervised release, and a $6,000 fine, and ordered payment of restitution in the amount of $607,904.00. (Judgment (Dkt. 30).) On August 24, 2016, Ms. Rosario replaced her attorney, Mr. Dayan, with Ms. Pamela Hayes. (Not. of Attorney Appearance (Dkt. 33).)

On October 17, 2017, now proceeding pro se, Ms. Rosario filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3742. (See Mot. to Reduce Sentence (Dkt. 36).) The Court denied that motion on February 12, 2018. (See Feb. 12, 2018 (Dkt. 38).) The court then received the present petition to vacate on October 2, 2018.[1] (See Pet.) Ms. Rosario was released from prison on July 22, 2019. See Bureau of Prisons Federal Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp (search for "Awilda Rosario") (last visited Dec. 20, 2019). She is currently serving a term of supervised release. (See Dec. 10, 2019 Order (Dkt. 45).)

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), permits a prisoner who was sentenced in federal court to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" when she claims "the right to be released upon the ground that the sentence was imposed," among other reasons, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Petitions made under § 2255 must be filed by no later than one year from:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

---

[1] The petition was not filed on the docket until February 25, 2019.

2

cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). And "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier, 402 F.3d at 118.

The court imposed Ms. Rosario's sentence on June 15, 2016 and filed the judgment of conviction on July 18, 2016. (Judgment.) She did not file a direct appeal, and so the conviction became final on August 1, 2016. See Moshier, 402 F.3d at 118; Fed. R. App. P. 4(b)(1)(A). And, as the Government states, Ms. Rosario has not asserted that she was prevented from making her motion by any government action, that she is asserting a right newly established by the Supreme Court, or that her petition relies on facts she discovered after her judgment became final. Therefore, her time to file a habeas petition expired on August 1, 2017, over a year before the court first received it. See Moshier, 402 F.3d at 118; 28 U.S.C. § 2255. Moreover, equitable tolling does not apply in this case because Ms. Rosario has presented no "rare and exceptional circumstances" warranting such tolling. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted) (alteration adopted).

For the foregoing reasons, Ms. Rosario's (Dkt. 39) petition to vacate is DENIED as time-barred. Because Ms. Rosario has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to pro se Petitioner Awilda Rosario at her address of record.

SO ORDERED.

Dated: Brooklyn, New York
December 23, 2019

S/ Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge